UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**08-CV-61461-Cohn-Seltzer**

DONALD A. YARBROUGH,

    Plaintiff,

v.

COLONIAL BANK, N.A.,

    Defendant.

_____/

```
FILED by   VT    D.C.
ELECTRONIC

September 15, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq*. ("EFTA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1693m(g).  Venue in this District is proper because Plaintiff resides here and Defendant does business here.

## PARTIES

3.    Plaintiff, DONALD A. YARBROUGH, is a natural person who resides in Broward County, Florida.

4.    Defendant, COLONIAL BANK, N. A., ("COLONIAL BANK") is believed to be national bank with numerous locations within the State of Florida.

Case 0:08-cv-61461-JIC   Document 1   Entered on FLSD Docket 09/15/2008   Page 2 of 10

## FACTUAL ALLEGATIONS

5.      For approximately 11 years Plaintiff maintained a personal checking account at COLONIAL BANK.

6.      On September 13, 2007, an unauthorized check card debit for $1,369.40 from "Barclays Travel, Lipeterborough" was withdrawn from Plaintiff's account.

7.      On September 14, 2007, Plaintiff notified the Vice President of COLONIAL BANK'S local branch, Mario J. Piscitell, in writing transmitted by facsimile, that the September 13, 2007 charge was unauthorized.

8.      On September 17, 2007, a second unauthorized check card debit this one for $1,320.56 from "Barclays Travel, Lipeterborough" was withdrawn from Plaintiff's account.

9.      On September 17, 2007, a third unauthorized check card debit for $1,228.29 from "Trvl Money, Camberlcamberley" was withdrawn from Plaintiff's account.

10.     On September 18, 2007, Plaintiff notified the Vice President of COLONIAL BANK'S local branch, Mario J. Piscitell, in writing transmitted by facsimile, that both of the September 17, 2007 charges were unauthorized.

11.     COLONIAL BANK failed to take any action in response to Plaintiff's written notices of the unauthorized charges, failed to conduct an investigation of

2

the unauthorized charges, or conducted an inadequate investigation, failed to provisionally credit Plaintiff's account, failed to permanently credit Plaintiff's account, and failed to make any written notification to Plaintiff regarding this matter at all.

12.     Shortly after Plaintiff notified Defendant of the unauthorized transfers, Plaintiff confronted Vice President of COLONIAL BANK'S local branch, Mario J. Piscitell, in person, about Defendant's failure to take any action and failure to return the unauthorized funds to Plaintiff account. Mr. Piscitell informed Plaintiff that COLONIAL BANK refused to take any action unless Plaintiff provided a police report. Plaintiff informed Mr. Piscitell that Plaintiff had never traveled outside the United States, that his debit card had not left his possession and that he did not and could not have authorized the transfers. Plaintiff stated that he could not obtain a police report because he could not determine where the charges were made, which appeared to be outside the United States. Plaintiff authorized Mr. Piscitell to make a police report as he saw fit. He refused. Plaintiff threatened litigation if the money was not returned to Plaintiff's account. Mr. Piscitell responded that he would look forward to any litigation.

13.     At no time did Defendant respond in writing to Plaintiff's written notices that the three charges were unauthorized.

3

14.    Defendant failed to notify Plaintiff in writing of the results of its investigation, if any, of Plaintiff's claim as required by 15 U.S.C §1693f(d).

15.    Each of the three unauthorized transactions are "electronic fund transfers" as defined by 15 U.S.C §1693a(6).

16.    Through an advisory letter dated September 7, 2001, and entitled "Electronic Fund Transfer Act – Investigations of Unauthorized Transactions," ("EFTA Advisor Letter") the US Department of the Treasury, Office of the Comptroller of the Currency ("OCC") promulgates actions a financial intuition should take to ensure its investigations comply with the bank's EFTA obligations.

17.    The EFTA Advisory Letter states that in order to assist banks in complying the EFTA and its error resolution procedures, the OCC has complied a list of actions banks may take, and information it may consider, to help determine whether a transaction was authorized. These include: 1. documentation or written signed statements provided by the customer; 2. historical information on the customer's pattern of use (e.g. time, frequency, location, and types and amounts of transactions; 3. location of the transactions in relation to the customer's residence, place of business, or normal shopping location; 4. the customer's location at the time of the unauthorized transactions; 5. problems reported by other customers regarding the access device or ATM, and; 6. signature information on point of sale transaction.

18.     Defendant ignored the facts the EFTA Advisory Letter recommends be taken into consideration.

19.     Defendant never obtained any documents bearing a signature on the unauthorized transactions, or at least did not provides any such documentation to Plaintiff.

20.     Defendant ignored Plaintiff's written disputes of the unauthorized charges.

21.     Defendant ignored Plaintiff's statement that he had not traveled outside the United States.

22.     Defendant ignored its own knowledge that such unauthorized charges have occurred to its own customers in the past.

23.     Widely distributed news reports routinely describe the unauthorized use of United States bank customer's account information by criminals both in the United States and abroad.

24.     COLONIAL BANK itself routinely warns its customers that unauthorized individuals may obtain account information and use that information to transfer funds from customer's accounts, demonstrating that COLONIAL BANK had knowledge of the possibility of unauthorized transactions from Plaintiff's account and ignored its own knowledge.

## COUNT I
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT

5

## FAILURE TO INVESTIGATE

25.    Plaintiff incorporates Paragraphs 1 through 24.

26.    Defendant failed to make an adequate investigation into each of the three unauthorized transactions in violation of 15 U.S.C §1693(f) and the federal regulations promulgated in furtherance of those requirements located at 12 C. F. F. §205.11.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Statutory damages of $1,000.00 per violation pursuant to 15 U.S.C §1693m(a)(2)(A);

      b.    Actual damages of $3,945.25, (representing the aggregate of the three unauthorized transfers), plus interest, pursuant to 15 U.S.C §1693m(a)(1);

      c.    Attorney fees and costs;

      d.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
## FAILURE TO INVESTIGATE AND FAILURE TO PROVISIONALLY CREDIT THE UNAUTHORIZED TRANSACTIONS

27.    Plaintiff incorporates Paragraphs 1 through 24.

28.    Defendant failed to make a good faith investigation into each of the three unauthorized transactions.

29.    Defendant did not provisionally credit Plaintiff's account within the ten-day period specified in 15 U.S.C §1696f(c).

30.    Defendant's failure to make a good faith investigation of three unauthorized transactions and failure to provisionally credit Plaintiff's account within the ten-day period, renders Defendant liable to Plaintiff for treble damages pursuant to 15 U.S.C §1693f(e)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    treble damages of $11,835.75, plus interest, pursuant to 15 U.S.C §1693f(e)(1);

c.    Attorney fees and costs;

d.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
## LACK OF REASONABLE BASIS TO DENY PLAINTIFF'S CLAIM AND FAILURE TO PROVISIONALLY CREDIT THE UNAUTHORIZED TRANSACTIONS

31.    Plaintiff incorporates Paragraphs 1 through 24.

32.    At the conclusion of Defendant's investigation, if any, Defendant did not have a reasonable basis for believing that Plaintiff account was not in error.

33.    Defendant did not provisionally credit Plaintiff's account within the ten-day period specified in 15 U.S.C §1696f(c).

34.     Because Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error and because Defendant failed to provisionally credit Plaintiff's account within the ten-day period, Defendant is liable to Plaintiff for treble damages pursuant to 15 U.S.C §1693f(e)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

       a.     treble damages of $11,835.75, plus interest, pursuant to 15 U.S.C §1693f(e)(1);

       c.     Attorney fees and costs;

       d.     Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
## KNOWING AND WILLFULLY DENYING PLAINTIFF'S CLAIM

35.     Plaintiff incorporates Paragraphs 1 through 24.

36.     Defendant knowingly and willfully decided that Plaintiff's account was not in error when such conclusion could not have reasonably have been drawn from the evidence available to Defendant at the time of its investigation, if any.

37.     Defendant is liable to Plaintiff for treble damages pursuant to 15 U.S.C §1693f(e)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    treble damages of $11,835.75, plus interest, pursuant to 15

U.S.C §1693f(e)(1);

c.    Attorney fees and costs;

d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this ____ day of September, 2008.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

9

# CIVIL COVER SHEET

**ELECTRONIC** D.C.

**September 15, 2008**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in Sept the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## I.(a) PLAINTIFFS

Donald A. Yarbrough

## DEFENDANTS

Colonial Bank, N.A.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:08CV 61461- Cohn-BSS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)

|  | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | ☐ 2 | ☐ 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** 1-2 days estimated (for both sides) to try entire case **15 U.S.C. §1693 et. Seq. Violations of Electronic Funds Transfer Act**

## NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability ☐ 362 Pers. Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 365 Personal Injury-Prod. Liability | USC 881 | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl. Veterans) B | ☐ 345 Marine Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12. USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* |
| ☐ 290 All Other Real Property | | | | |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding
☐ 2 Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4 Refiled
☐ 5. Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 CLASS ACTION

CLASS ACTION No
DEMAND $ N/A
Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: September 2008 SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 544184 Amount: 350 00
Date Paid: _____ M/ifp: _____