## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

DONALD A. YARBROUGH, )
)
       Plaintiff, )
)
v. ) CASE NO. 08-CV-61461
)
COLONIAL BANK, N.A., )
)
       Defendant. )

### COLONIAL BANK'S ANSWER AND AFFIRMATIVE DEFENSES
### TO THE COMPLAINT

Colonial Bank responds as follows to the complaint.

Colonial Bank responds as follows to the separately-numbered allegations in the complaint.

1. Paragraph 1 simply states that plaintiff "alleges violation of the Electronic Funds Transfer Act." That statement does not require a response from Colonial Bank. To the extent that a response is required, Colonial Bank denies all factual allegations in paragraph 1.

2. Paragraph 2 states legal conclusions about jurisdiction and venue that do not require a response from Colonial Bank.

3. Colonial Bank lacks sufficient information to admit or deny where plaintiff resides and therefore denies the allegations in paragraph 3.

4. Colonial Bank admits that it is an Alabama state-chartered bank (having converted from its status as a national bank in 2008) with branch locations in Florida. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 4.

5. Admitted.

6. Colonial Bank admits that there was a check card debit on plaintiff's account on September 13, 2007. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 6.

7. Colonial Bank admits that plaintiff sent a fax on September 14, 2007. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 7.

8-9. Colonial Bank admits that there were check card debits on plaintiff's account on September 17, 2007. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraphs 8 and 9.

10. Colonial Bank admits that plaintiff sent a fax to Colonial Bank on September 18, 2007. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 10.

11. Colonial Bank admits that it did not provisionally or permanently recredit plaintiff's account. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 11.

12. Colonial Bank admits that Mr. Piscatelli spoke to plaintiff via telephone regarding this matter. Colonial Bank admits that its branch personnel previously had informed plaintiff that there were certain steps that plaintiff needed to follow in order to verify that the transactions were in fact unauthorized, including the completion of a police report, and that plaintiff refused to complete those steps. Colonial Bank admits that, in his conversation with Mr. Piscatelli, plaintiff threatened litigation if his account was not recredited. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 12.

13. Colonial Bank admits that it did not respond in writing to plaintiff's facsimile

transmissions. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 13.

14. Paragraph 14 states a legal conclusion regarding the requirements of 15 U.S.C. § 1693f(d) that does not require a response from Colonial Bank. If a response is required, Colonial Bank denies that § 1693f(d) imposes such a requirement upon Colonial Bank in the circumstances of this case. Colonial Bank admits that it did not respond in writing to plaintiff's facsimile transmissions. Except as thus expressly admitted and denied, Colonial Bank denies all allegations in paragraph 14.

15. Paragraph 15 states a legal conclusion that does not require a response from Colonial Bank.

16-17. Paragraphs 16-17 purport to summarize the contents of an advisory letter by the Office of the Comptroller of the Currency. Colonial Bank admits that the contents of any such letter speak for themselves. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraphs 16-17.

18. Denied.

19. Colonial Bank admits that it did not obtain any documents "bearing a signature" with respect to the transactions at issue. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 19.

20-22. Denied.

23. Paragraph 23 purports to summarize the contents of "[w]idely distributed news reports." Colonial Bank admits that the contents of any such reports speak for themselves. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 23.

3

24. Colonial Bank denies that it "ignored its own knowledge." Colonial Bank admits that its communications to its customers – to the extent that they are not protected from disclosure by applicable laws and regulations – speak for themselves. Except as thus expressly admitted, Colonial Bank denies the allegations in paragraph 24.

25. Colonial Bank incorporates and restates its responses to paragraphs 1-24.

26. Denied.

27. Colonial Bank incorporates and restates its responses to paragraphs 1-24.

28. Denied.

29. Colonial Bank admits that it did not provisionally recredit plaintiff's account.

30. Denied.

31. Colonial Bank incorporates and restates its responses to paragraphs 1-24.

32. Denied.

33. Colonial Bank admits that it did not provisionally recredit plaintiff's account.

34. Denied.

35. Colonial Bank incorporates and restates its responses to paragraphs 1-24.

36-37. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff authorized the above transactions by failing to follow Colonial Bank's requests for information and action by plaintiff to verify that the transactions were unauthorized.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover damages under the Electronic Funds Transfer Act because he failed to comply with Colonial Bank's requests for information and action by plaintiff

4

to verify that the transactions were unauthorized.

                Respectfully submitted,

                /s/ Mark R. King

                Mark R. King, Esq.
                Fla. Bar No. 0085560
                Jones, Walker, Waechter, Poitevent,
                Carrere & Denegre, L.L.P.
                799 Brickell Plaza, Suite 701
                Miami, FL  33131

## **CERTIFICATE OF SERVICE**

I certify that on October 10, 2008, I caused a copy of the foregoing to be delivered via electronic transmission to the following:

Donald A. Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, FL. 33339
donyarbrough@mindspring.com

                Respectfully submitted,

                /s/ Mark R. King
                Mark R. King, Esq.
                Fla. Bar No. 0085560
                Jones, Walker, Waechter, Poitevent,
                Carrere & Denegre, L.L.P.
                799 Brickell Plaza, Suite 701
                Miami, FL  33131